¶ JEREMIAH SNYDER *against* the COMMONWEALTH, for the use of CATHARINE STILLINGER.

IN ERROR.

The neglect or refusal of a sheriff to commit a person convicted of fornication, until the sentence should be complied with, according to the decree of the court, makes him liable upon his official bond, to the mother of the child, for the amount which the person convicted was sentenced to pay to her for its maintenance.

THIS was a writ of error to the common pleas of Franklin county, upon the return of which, the record exhibited an action of debt, brought by the defendant in error, *Catharine Stillinger*, against the plaintiff in error, *Jeremiah Snyder*, upon his official bond, given as sheriff of Franklin county——A declaration in debt was filed, and the following breach of the condition of the bond was assigned: "That *Simon Eckert*, on the 18th April, 1820, in the court of quarter sessions of Franklin county, was convicted of fornication and bastardy, and sentenced to pay *Catharine Stillinger*, the mother of the illegitimate child, one dollar per week, until the child should arrive at the age of seven years, to be paid quarterly; to be bound, himself in one thousand dollars, and one good security in one thousand dollars, pay the costs, and stand committed till the sentence was complied with. Yet the said *Jeremiah Snyder*, then being high sheriff of said county, did not commit the said *Simon*, although he did not pay, or give security, as was commanded by the said court."

The facts being undisputed, the court below, (*Thompson*, president,) was of opinion that the plaintiff was entitled to recover; to which opinion exception was taken, and it was the only error assigned in this court, which was argued by

*Crawford*, for the plaintiff in error.

The act of 28th March, 1803, section 3, *Purd Dig*. 755, provides the form of the recognizance and bond of a sheriff, and that bond binds the officer alone to the performance of duties in civil cases. Our act of assembly is assimilated to the form of the oath of a sheriff in England; and although there are many cases of indictments against a sheriff there, for breaches of duty in criminal cases, yet no case can be found, where a civil suit was sustained against him for such breach of duty. 6 *Bac. Ab*. 146, *tit. Sheriff*. *Hawk. Pleas of the Crown*, Book 2, Sec. 22. 1 *Hale's Pleas* of the *Crown*, 597.

A court of quarter sessions has all the power necessary to enforce its own sentence, and therefore, the court of common pleas can have no jurisdiction of this suit. A sheriff is liable upon his bond for fines collected on sentences of the criminal courts, but it was necessary to provide this remedy by the acts of 1803, and 30th March,

(Jeremiah Snyder *v.* the Commonwealth, for the use of Catharine Stillinger.)

1811. A recognizance taken in the court of quarter sessions, could not have been sued in the common pleas, if it had not been for the act of 1783, authorizing such suit.

*Chambers,* for the defendant in error.

The bond of the defendant below, contains a condition " that he will execute all process to him directed, and faithfully perform all the duties and trusts appertaining to the office of the sheriff." The written decree of the court might be termed its process, directed to the sheriff, and which he was bound to execute, and upon his neglect or refusal so to do, the condition of his bond was broken. The decree that *Simon Eckert* should pay to *Catharine Stillinger,* was a *decree* of the court, separate and distinct from the *judgment. Duncan* v. *the Commonwealth,* 4 *Serg. & Rawle,* 449. But it was certainly a duty appertaining to the office of sheriff, to commit *Eckert* until the sentence was complied with, and this he neglected or refused to do; whereby his bond was forfeited.

*Crawford* in reply.—In the case of *Duncan* v. *the Commonwealth,* it is not decided, that that part of the sentence of the court which directs a certain sum of money to be paid to the mother, for the support of the child, is not part of the judgment: but on the contrary it is there said to be part of the judgment, but a part which may be reversed without reversing the whole.

The opinion of the court was delivered by

Rogers, J.—The defendant stipulates, that he will well and truly serve and execute all writs and process to him directed; and that he will well and faithfully execute and perform, all and every of the trusts and duties of the office of sheriff. The plaintiff assigns for breach of the sheriff's bond, the sentence of the court of quarter sessions, that *Simon Eckert,* convicted of being the father of an illegitimate *child,* should pay a sum of money to the plaintiff *Catharine Stillinger,* and give security for a performance of the order, and stand committed until the sentence should be complied with. And the plaintiff avers that the defendant, *Jeremiah Snyder,* being high sheriff of the county of Franklin, did not commit the said *Simon,* although he did not pay or give security, as was commanded.

This was an adjudication, which doubtless the court of quarter sessions was competent to make, and which it is conceded, the sheriff might have been compelled to execute by attachment, or punished by indictment for not executing, and this on the ground, that it was a neglect or refusal, to perform a duty appertaining to his office. But these are not; (as has been contended,) the only remedies, for it is manifest that an attachment or indictment, would, in many cases, leave the plaintiff without relief.

In the order of the court, the money is awarded to the mother, for the support of the child, and security is demanded for a com-

(Jeremiah Snyder *v*. the Commonwealth, for the use of Catharine Stillinger.)

pliance with the sentence, and an indemnification of the county, from the maintenance of the bastard. It therefore, although in form an indictment, partakes of the nature of a civil action.

The neglect or refusal to carry into effect the judgment of the court, is a failure on the part of the sheriff, to execute a process, (in the nature of an execution,) of a court of competent jurisdiction, and is not a faithful performance of his duty, which brings the case within the words and spirit, of the condition of his bond. The court therefore believe that the breach has been well assigned, that the plaintiff has sustained injury from the conduct of the sheriff, and the judgment should be affirmed.

Judgment affirmed.